UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JANE DOE,

    *Plaintiff*,

v.

LISA TWARK,

    *Defendant*.

CIVIL ACTION NO. **3:25-cv-00164**

JURY TRIAL DEMANDED

---

## MOTION TO PROCEED UNDER PSEUDONYM

---

**COMES NOW,** the Plaintiff, K. R., by and through counsel and respectfully moves this Honorable Court for an order permitting the Plaintiff to proceed under a pseudonym in the above-captioned matter. This motion is made pursuant to the Federal Rules of Civil Procedure and the inherent authority of this Court to manage its docket and protect the privacy of litigants. The Plaintiff seeks this relief to protect against the disclosure of sensitive personal information that could result in significant harm. In support of this Motion, the Plaintiff states as follows:

### I. INTRODUCTION

1. The Plaintiff, K.R., (a/k/a Jane Doe), seeks to protect her identity. The nature of the case involves sensitive and personal matters that, if disclosed, could result in future harm to the Plaintiff.

2. The Plaintiff is wanting to avoid any future harm that can arise from this lawsuit. The Plaintiff is wanting to keep knowledge that upon information and belief, explicit pictures of Plaintiff (Jane Doe) were taken and shared on an email thread to eighty-one (81) people.

1

3. This motion seeks to protect Plaintiff's privacy interests by allowing the use of a pseudonym throughout the proceedings. The nature of the claims involves sensitive personal issues that, if disclosed, could cause significant harm to Plaintiff. The balance of interests strongly favors granting this motion, as the potential harm to Plaintiff outweighs the public's interest in open judicial proceedings.

4. This Motion is made pursuant to the inherent powers of this Court to manage its proceedings and protect the privacy of individuals involved in litigation.

## II. LEGAL STANDARD

5. The Federal Rules of Civil Procedure do not explicitly address the use of pseudonyms by parties. However, Courts have recognized that under certain circumstances, a party may proceed under a pseudonym to protect privacy interests. The decision to allow a party to proceed anonymously is within the discretion of the Court and involves a balancing of the party's privacy interests against the public's interest in open judicial proceedings.

6. In *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981), the Court identified several factors to consider when determining whether to allow a party to proceed under a pseudonym. The factors include: Whether the plaintiff is challenging governmental activity; Whether the plaintiff would be required to disclose information of the utmost intimacy; Whether the plaintiff would be compelled to admit illegal conduct, thereby risking criminal prosecution; Whether the plaintiff is particularly vulnerable to the harms of disclosure, such as a minor or a victim of sexual assault; and Whether the public interest in the litigation is furthered by requiring disclosure of the plaintiff's identity.

7. The Tennessee Courts recognize that the public's right to access judicial records and proceedings is not absolute and can be restricted to protect higher values, such as privacy

2

Case 3:25-cv-00164-CEA-JEM    Document 2    Filed 04/21/25    Page 2 of 6    PageID #: 15

or safety, provided that any restriction is narrowly tailored to serve that interest. (*Autin v. Goetz*, 524 S.W.3d 617 (Tenn. Ct. App. 2017))

8. In *Doe v. Roe*, 623 S.W.3d 614 (Tenn. Ct. App. 2021), the Tennessee Court held that anonymity may be warranted where disclosure of a party's identity would result in significant harm or where the issues involved are of a highly sensitive and personal nature.

### III. ARGUMENT

#### A. Disclosure of Sensitive Personal Information

9. The Plaintiff's case involves explicit pictures taken of Plaintiff, which justifies the need for anonymity. Disclosure of the Plaintiff's identity could lead to potential harm, including but not limited to, harassment, and loss of employment, due to the nature of the pictures.

10. Plaintiff's claims involve explicit pictures and videos of Plaintiff, which are matters of utmost intimacy. Requiring the Plaintiff to disclose their identity would result in significant emotional distress and potential harm.

11. Upon information and belief, the Defendant sent these pictures through email to eighty-one (81) people, making them open to the public.

12. The Plaintiff has a legitimate interest in maintaining privacy, for herself, which outweighs any potential prejudice against the Defendant or the public's interest in knowing the Plaintiff's identity.

13. The Plaintiff also has a legitimate interest in maintaining her safety from any harm to come from this being public record.

14. The Defendant will not be prejudiced by the Plaintiff's use of a pseudonym.

15. For the reasons above the Plaintiff avers that she will be harmed if required to proceed without a pseudonym, causing her potential harm.

3

## B. Precedent Supporting Pseudonymity and Legal Justification

16. Courts have consistently allowed plaintiffs to proceed under pseudonyms in cases involving sensitive personal issues. In *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981), the Court permitted the use of pseudonyms to protect the plaintiffs' privacy interests. Decision as to whether plaintiffs may proceed anonymously requires a balancing of consideration calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings.

17. Similarly, the Court in *B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) stated The FRCP 10(a)'s requirement that the complaint name all parties, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly… "Recognizing that '[p]seudonymous litigation undermines the public's right of access to judicial proceedings,' we have … held that 'when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Citing *Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014).

18. Similarly, in *Doe v. Roe*, 623 S.W.3d 614 (Tenn. Ct. App. 2021), the Court permitted the use of a pseudonym where the Plaintiff demonstrated a reasonable fear of harm if their identity were disclosed.

19. Similarly, in *Doe by Doe v. Brentwood Academy Inc.*, 578 S.W.3d 50 (Tenn. Ct. App. 2018), the Court permitted the use of pseudonym where there were allegations of sexual assault of a minor in the school locker room.

20. For the reasons above the Plaintiff avers that she will be harmed if required to proceed without a pseudonym, causing her potential harm.

### C. Minimal Prejudice to Defendant

21. Allowing the Plaintiff to proceed under a pseudonym will not prejudice the Defendant. The Defendant will have full access to the Plaintiff's identity through discovery and will be able to prepare their defense without impediment.

22. The public's interest in the proceedings will not be compromised, as the substantive issues will remain accessible, and the use of a pseudonym will not hinder the transparency of the judicial process. While the public has an interest in open judicial proceedings, this interest does not outweigh the need to protect Plaintiff's privacy in this case. The issues at hand can be fully litigated without disclosing Plaintiff's identity, and the public's understanding of the case will not be impaired by allowing Plaintiff to proceed under a pseudonym.

23. The public's interest is not in the names of the parties but in the nature of the claims and the outcome of the claims.

24. For the reasons above, the Plaintiff avers that she will be harmed if required to proceed without a pseudonym, causing her potential harm.

### IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court grant the Motion to Proceed Under a Pseudonym and issue an order allowing the Plaintiff to be identified as Jane Doe, in all public filings and proceedings to protect Plaintiff's privacy interests and prevent undue harm.

Respectfully submitted,

s/Aubrey T. Givens
Aubrey Givens (BPR No. 21491)
231 W. Old Hickory Blvd.
Suite B, Second Floor
Madison, Tennessee 37115
(615) 248-8600
contactus@givenslawfirm.com
*Attorney for Plaintiff*